```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re
        COLLEEN M. REID                                          BK 19-10748 CLB


                        Debtor                                   DECISION & ORDER
-------------------------------------------------------
        JOHN C. BIDELL, AS EXECUTOR OF THE
        ESTATE OF ANNETTE LIVINGSTON

                        Plaintiff                                AP 19-01046 CLB

        v.

        COLLEEN M. REID


                        Defendant
-------------------------------------------------------
```

        Todd A. Morth, Esq.
        336 Harris Hill Road, Second Floor
        Williamsville, New York 14221
        Attorney for Plaintiff

        John A. Cappellini, Esq.
        1 East Main Street
        Cuba, New York 14727
        Attorney for Defendant

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The plaintiff in this adversary proceeding has moved for summary judgment on its claim that the debtor's obligation for criminal restitution is non-dischargeable under 11 U.S.C. § 523. The central issue is whether an *Alford* plea can suffice to establish the existence of a debt for larceny.

In its motion, the plaintiff argues that its claim is non-dischargeable under subdivisions (a)(2), (a)(4), (a)(6) and (a)(7) of 11 U.S.C. § 523. However, we limit our discussion to section 523(a)(4), inasmuch as the complaint asserts only a cause of action under that subdivision. Additionally, the defendant objects to consideration of various documents that the plaintiff has presented without authentication. For purposes of this

decision, therefore, the only document upon which we rely is a plea agreement that both the plaintiff and the defendant have submitted.

The present dispute derives from allegations that Colleen Reid stole money from her grandmother, Annette Livingston. In an indictment issued in 2015, Ms. Reid was charged with ten counts of Grand Larceny in the Third Degree, one count of Grand Larceny in the Second Degree, and six counts of Grand Larceny in the Fourth Degree. Ultimately, pursuant to a plea agreement dated April 4, 2016, Reid agreed "to plead guilty by *Alford* plea" to a reduced charge of Petit Larceny in violation of section 155.25 of the New York Penal Law. The agreement further recited that Ms. Reid would "receive a sentence of a conditional discharge" and that she would be required to pay restitution of $20,000. One-half of this amount was paid upon entry of the plea, and a civil judgment for the balance of $10,000 was then issued for the benefit of Annette Livingston. Nothing was paid on this judgment when Annette Livingston died on November 2, 2018.

Colleen M. Reid filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 14, 2019. Shortly thereafter, the debtor submitted schedules in which she acknowledges an outstanding indebtedness of $10,000 to Annette Livingston. In due course, the trustee issued a report of no distribution. It states "that there is no property available for distribution from the estate over and above that exempted by law."

In the present adversary proceeding, the executor of the Estate of Annette Livingston seeks a judgment declaring that the indebtedness of $10,000 is non-dischargeable under 11 U.S.C. § 523(a)(4). In relevant part, this section states that a discharge under Chapter 7 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Now moving for summary judgment, the executor contends that the plea agreement establishes a debt that arises from larceny within the meaning of section 523(a)(4). The debtor responds that her plea agreement recites that she admitted guilt "by *Alford* plea," to the effect that the occurrence of larceny remains in dispute. Ms. Reid insists that she

committed no crime and that her guilty plea was motivated by a desire to resolve charges so that she could move on with her life.

In *North Carolina v. Alford*, 400 U.S. 25, 36, 91 S.Ct. 160, 167 (1970), the United States Supreme Court held that "the Constitution does not bar the imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence."  With reference to this ruling, the phrase "*Alford* plea" has been defined as "[a] guilty plea that a defendant enters as part of a plea bargain without admitting guilt."  BLACK'S LAW DICTIONARY 86 (10th ed. 2014).  In the present instance, Colleen Reid signed a plea agreement that contained no admission of wrongful conduct.  That profession of innocence, however, does not speak to the applicable standard of dischargeability.

Section 523(a)(4) of the Bankruptcy Code provides that a debtor in Chapter 7 is not discharged from any debt for larceny.  By its express language, the statute focuses not on the character or conduct of the debtor, but on the nature of the underlying obligation.  The exception to discharge applies not when debtors commit larceny, but to "any debt . . . for . . . larceny."  Here, the plea agreement established an obligation to pay restitution for damages related to Petit Larceny.  Although the debtor may have been unwilling to admit the occurrence of larceny, she nonetheless agreed to assume a debt for larceny.  Pursuant to 11 U.S.C. § 523(a)(4), a debt of this type is non-dischargeable as to any objecting creditor.  *See* 11 U.S.C. § 523(c).

For the reasons stated herein, the plaintiff's motion for summary judgment is granted.  Accordingly, the debtor's discharge under 11 U.S.C. § 727 will not discharge any obligation to pay restitution as part of the debtor's sentence arising from her conviction for Petit Larceny.

So ordered.

Dated: August 6, 2021          /s/ Carl L. Bucki_____
       Buffalo, New York          Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.